IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (No. VI)        MDL DOCKET NO.: MDL-875

THIS DOCUMENT RELATES TO:

SEE EXHIBIT A (ATTACHED CASE LIST)

---

**CERTAIN DEFENDANTS' COMBINED MOTION AND BRIEF FOR DISMISSALS WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH MEDICAL SUBMISSION REQUIREMENT OF ADMINISTRATIVE ORDER NO. 12 (INADEQUATE EXPOSURE HISTORIES)**

---

Certain Defendants, through undersigned counsel, on behalf of the pending Defendants listed in Exhibit A, respectfully move this Court for dismissals without prejudice of the claims of the plaintiffs specified in Exhibit A pursuant to Amended Administrative Order No. 12 and Fed. R. Civ. P. 41(b), and state in support as follows:

1. Administrative Order No. 12 requires that "[e]ach plaintiff asserting a claim based upon an alleged <u>non-malignant</u> injury or condition shall submit to the court a copy of the medical diagnosing report or opinion upon which the plaintiff now relies for the prosecution of the claim as if to withstand a dispositive motion." [Amended Administrative Order No. 12, ¶4., Ex. B.]

2. The plaintiffs identified in Exhibit A have submitted reports purporting to diagnose asbestosis based upon an asbestos exposure history consisting of nothing more than a job title. The universally accepted medical diagnostic criteria for asbestosis require a detailed history of exposure to asbestos and other potentially harmful substances such that an exposure

1

history consisting of nothing more than a job or occupational title is medically insufficient for the diagnosis of asbestosis.

     3.    In 2004, the American Thoracic Society ("ATS") set forth the well-established and generally accepted standard for diagnosing asbestos:

- Evidence of structural pathology consistent with asbestos related disease as documented by imaging or histology;

- Evidence of causation by asbestos as documented by the occupational and environmental history, markers of exposure (usually pleural plaques), recovery of asbestos bodies, or other means;

- Exclusion of alternative plausible causes for the findings.[1]

The ATS is unequivocal in its emphasis upon taking a comprehensive exposure and environmental history when diagnosing asbestos related disease:

> It is essential to take a comprehensive occupational and environmental history when asbestos-related disease is suspected …. The occupational history should emphasize occupational and environmental opportunities for exposure that occurred about 15 years and more before presentation. **The diagnosis of asbestosis is ideally based on an accurate exposure history, obtained whenever possible directly from the patient, that defines the duration, intensity, time of onset, and setting of exposure experienced by the patient**. Patients may forget short periods of employment, during which intense exposure is possible, or employment early in their lives. In such cases the characteristic radiographic signs of asbestos exposure may be enough to document exposure. **The occupational title is not enough, as the names of many occupations and trades are uninformative** …[2]

     4.    The sufficiency of plaintiffs' "diagnostic" reports pursuant to Administrative Order No. 12 should be assessed under current medical standards embodied in the 2004 ATS diagnostic criteria. Nonetheless, the 1986 ATS diagnosing criteria likewise required the

---

[1] *Diagnosis and Initial Management of Nonmalignant Diseases Related to Asbestos,* Official Statement of the American Thoracic Society, 170 Am. J. Respiratory Critical Care Med. 691,691 (2004) (excerpt). [Ex. C].
[2] *Id*. at 695 (2004) (emphasis added). [Ex. C]

application of several diagnostic criteria, including a reliable history of exposure: "A careful sequential history of all exposures to all potentially harmful substances is obviously important."[3]

5. The ATS requirement of a "comprehensive occupational and environmental history" sufficient to define "the duration, intensity, time of onset and setting of exposure" is supported by numerous other medical organizations. The American Medical Association has also stated the requirement of a complete and detailed exposure history, both occupational and non-occupational:

> Environmental exposure in the workplace is often cited as a causative or contributory factor in the development of pulmonary impairment. **To evaluate the possible effects of such exposure, it is important to obtain a complete occupational history. A major part of the history consists of a chronological description of work activities beginning with the year of first employment. This description includes the names of employers, the specific types of work performed, the material or materials used, and the potentially toxic material that the worker is able to identify in the workplace**. … An estimate of the frequency, duration and intensity of exposure to each substance is needed to assess its significance. … In addition to information regarding workplace environmental exposures, information should be collected about hobbies or leisure activities that might involve exposure to potential respiratory toxins.[4]

The Association of Occupational & Environmental Clinics, in its statement on asbestos screening, stated:

> Screening on the basis of chest x-ray and work history alone identifies possible cases but does not by itself provide sufficient information to make a firm diagnosis, to assess impairment or to guide patient management.
>
> **An appropriate screening program for asbestos-related lung disease includes** properly chosen and interpreted chest films, reviewed within one week of

---

[3] *The Diagnosis of Nonmalignant Diseases Related to Asbestos,* Official Statement of the American Thoracic Society, 170 Am. Rev. Respiratory Dis. 134: 365, 365 and 367 (1986). [Ex. D]
[4] American Medical Association, Guides to the Evaluation of Permanent Impairment, Chapter 5 (The Pulmonary System) at 80 (6th ed. 2008) (excerpt) (emphasis added) [Ex. E].

3

screening; **a complete exposure history**; symptom review; standardized spirometry; and physical examination.[5]

The American College of Chest Physicians has also identified "a reliable history of exposure" (in the absence of pathological examination of lung tissue) as necessary for the diagnosis of asbestosis based upon the conclusions of an expert panel, including "a history of sufficient duration, dose and latency."[6]

      6.      The purported asbestosis diagnoses for the plaintiffs identified in Exhibit A are based upon exposure histories that provide only cursory descriptions of the plaintiff's job or occupational title and years of work.  The facially insufficient "exposure histories" upon which these plaintiffs' purported diagnoses are based do not define "the duration, intensity, time of onset, and setting of exposure" as required by the ATS and other well-accepted medical authorities.  The following examples in cases included in Exhibit A illustrate the insufficiencies of these so-called exposure histories under the applicable medical criteria for diagnosing asbestosis:

      a.      <u>Dr. Schonfeld Example</u>: The report of Alvin J. Schonfeld, D.O. in the case of plaintiff Louis Spear, provides the following insufficient "job title only" exposure history that is typical of his reports in the cases in Exhibit A in which he states merely a job title and years of employment and generically recites a reported "history of having been exposed to asbestos and asbestos dust" without any further detailed information:

---

[5] *The Association of Occupational & Environmental Clinics Policy on Asbestos Screening for Legal Action*, http://www.aoec.org/asbestos-screen-htm (April, 2000) (emphasis added) [Ex. F].
[6] *American College of Chest Physicians Consensus Statement on the Respiratory Health Effects of Asbestos*, 135 Chest 1619-1627, at 1623, Table 1 (2009) [Ex. G].

>   Mr. Spear worked primarily as a OPERATING ENGINEER in the state of Illinois between the years of 1962 and 1991. He has a history of having been exposed to asbestos and asbestos dust during the above mentioned period.[7]

b.  <u>Dr. Anderson Example</u>: The report of Henry A. Anderson, M.D. in the case of plaintiff Raymond M. Augustyniak, provides the following insufficient "job title only" exposure history that is typical of his reports in the cases in Exhibit A in which he repeatedly states a job title and years of employment and a generic recitation that the plaintiff was "exposed to asbestos and asbestos dust":

>   Mr. Augustyniak worked primarily as a MILLWRIGHT in the state of Illinois between the years of 1950 and 1988. He has a history of having been exposed to asbestos and asbestos dust during the above mentioned period.[8]

c.  <u>Dr. Sadek Example</u>: The report of Ibrahim Sadek, M.D., in the case of plaintiff Allen L. Hathaway, provides the following insufficient "job title only" exposure history that is typical of his reports in the cases in Exhibit A and recites the generic statement that the plaintiff "was exposed to respirable asbestos fibers":

>   This is a 74 year-old male who has worked as an iron worker on multiple locations between 1956 and 1997. During that time he was exposed to respirable asbestos fibers.[9]

Exhibits H-1 through H-103 contain the medical reports for each plaintiff listed in Exhibit A. A listing of all the cases specified in Exhibit A and the exposure histories given in each case is attached hereto as Exhibit I.

7.  Based upon an analysis of Administrative Order No. 12 submissions and records produced to the IKON repository to date, and to Certain Defendants' knowledge, information and

---

[7] Physician's Report of Alvin J. Schonfeld, D.O., dated February 8, 2000 [Ex. H-88].
[8] Physician's Report of Henry A. Anderson, M.D., dated January 14, 2000 [Ex. H-3].
[9] Physician's Report of Ibrahim S. Sadek, M.D., dated October 8, 2008 [Ex. H-38].

5

belief, every case listed in Exhibits A and I has one or more physician reports purporting to diagnose asbestosis on the basis of a similar medically insufficient template-form job title only exposure history. Information concerning the "duration, intensity, time of onset, and setting" of asbestos exposure is wholly absent. This type of job title only exposure history is medically insufficient for a diagnosis of asbestosis.

8. The plaintiffs identified in Exhibit A have submitted medical diagnosing reports or opinions which fail to comply with Administrative Order No. 12 as they are insufficient to withstand a dispositive motion because the asbestos exposure histories on which the purported "diagnoses" are based are patently insufficient under applicable medical diagnostic standards.

9. Certain Defendants seek dismissal of all claims filed by the plaintiff including, without limitation all strict liability, negligence, breach of warranty, fraud and conspiracy claims.

10. Administrative Order No. 12 provides that "[t]he court may dismiss pursuant to F.R.C.P. 41(b) the cases of any plaintiffs who fail to comply with the requirements set forth." [Amended Administrative Order No. 12, ¶6.] Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails … to comply with … a court order, a defendant may move to dismiss the action or any claim against it." Based upon the plaintiffs' failure to submit any "medical diagnosis or opinions based on medically accepted principles and practices, and based upon statements from medically reputable medical organizations that require occupational and environmental exposure history when screening for asbestos-related diseases," the claims of plaintiffs' identified in Exhibit A should be dismissed.[10]

---

[10] *In Re: Asbestos Products Liability Litigation (No. VI)*, MDL 875, Memorandum at 15, Eduardo C. Robreno, J. (Nov. 14, 2011) [Ex. J].

11. Accordingly, pursuant to Amended Administrative Order No. 12 and Fed. R. Civ. P. 41(b), Certain Defendants respectfully request that the Court enter an order dismissing the civil actions of the plaintiffs identified in Exhibit A, without prejudice.  A proposed Order is submitted as Exhibit K, attached hereto.

WHEREFORE, Certain Defendants respectfully request that the Court enter an Order dismissing the claims of each plaintiff specified in Exhibit A without prejudice for failure to comply with Amended Administrative Order No. 12.

Dated: November 18, 2011.                    Respectfully submitted,

                /s/ David M. Setter
                Walter G. Watkins, Jr.
                Thomas W. Tardy, III
                David M. Setter
                Daniel J. Mulholland
                John M. Seebohm
                FORMAN PERRY WATKINS KRUTZ & TARDY LLP

                ON BEHALF OF DEFENDANTS:
                GENERAL ELECTRIC COMPANY
                GEORGIA-PACIFIC LLC
                HONEYWELL INTERNATIONAL, INC.
                I U NORTH AMERICA, INCORPORATED
                MAREMONT CORPORATION
                NOSROC CORPORATION
                OWENS-ILLINOIS, INC. d/b/a O-I
                UNION CARBIDE CORPORATION
                BAYER CROPSCIENCE, INC. AS CORPORATE SUCCESSOR TO AMCHEM PRODUCTS, INC. (incorrectly named and served as Benjamin Foster a Division of Amchem Products, Inc. n/k/a Rhone Poulenc Inc.)
                CBS CORPORATION, A DELAWARE CORPORATION, F/K/A VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION

**CERTIFICATE OF SERVICE**

I, David M. Setter**,** do hereby certify that I have this date filed the above and foregoing with the Clerk of the Court pursuant to the Court's Order dated August 16, 2011, entered in "Cases in which Plaintiff is represented by Cascino Vaughan Law Offices" and providing for filing of motions or pleadings that apply identically in ten or more cases, and I hereby certify that I have e-mailed the document to Magistrate Judge David R. Strawbridge and to all counsel of record.

THIS, the 18th day of November, 2011.

/s/ David M. Setter